**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

| | | |
|---|---|---|
| **DANIEL B. SLATER,** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **NO.  10-6956** |
| | : | |
| **HOFFMAN-LA ROCHE INC., ROCHE** | : | |
| **LABORATORIES, INC., and WOLTERS** | : | |
| **KLUWER HEALTH, INC.,** | : | |
| | : | |
| **Defendants.** | : | |

_____

**DuBOIS, J.**                                                                **March 24, 2011**


**M E M O R A N D U M**

## I.  INTRODUCTION

   This is a product liability action arising out of plaintiff Daniel B. Slater's use of

Accutane, an acne treatment drug which, according to plaintiff, led to his development of colitis

and ulcerative colitis.  Plaintiff avers that defendants Hoffman-La Roche, Inc. and Roche

Laboratories, Inc. (collectively, "Roche") failed to adequately investigate and warn patients

about the risks and side effects of Accutane, and that defendant Wolters Kluwer Health, Inc.

("WKH") failed to supply adequate, complete, or accurate information and warnings in its

patient education monographs for Accutane.

   Presently before the Court is Plaintiff's Motion to Remand.  Plaintiff argues that Roche

could not remove this action from the Pennsylvania Court of Common Pleas because WKH is a

citizen of Pennsylvania and Roche has not proven that WKH was fraudulently joined.  For the

1

reasons set forth below, plaintiff's motion is granted, and the Court remands the case to the Court

of Common Pleas of Philadelphia County.

## II.  BACKGROUND[1]

Beginning in the fall of 2002, plaintiff was prescribed and began using Accutane for acne

treatment.  (Compl. ¶ 31.)  Plaintiff filled his Accutane prescriptions at Walgreens pharmacy,

which provided him with WKH-prepared patient education monographs ("monographs")

containing Accutane drug information and warnings.  (Id. ¶¶ 25, 32.)  After using Accutane for

the period of time prescribed by his physician, plaintiff "experienced several adverse health

effects culminating in a diagnosis of colitis and ulcerative colitis."  (Id. ¶¶ 33-34.)

According to plaintiff, Accutane has a propensity to cause inflammatory bowel disease

("IBD"), a permanent condition that manifests itself as either Crohn's disease or ulcerative

colitis.  (Id. ¶ 13.)  Plaintiff avers that Roche—the manufacturers of Accutane—failed to

investigate and warn of Accutane's propensity to cause IBD despite being aware that the

development of IBD is a potential side effect of Accutane.  (Id. ¶¶ 19-22.)  In addition, plaintiff

alleges that WKH, a company that creates and publishes patient education monographs that are

provided directly to consumers by their pharmacists, failed to provide, in the monographs that

accompanied plaintiff's Accutane prescriptions, adequate, complete, or accurate information and

warnings regarding the risks of taking Accutane and side effects relating to IBD.  (Id. ¶¶ 23-30.)

Following his discovery of the "defective nature of Accutane and/or the associated

injuries from Accutane's use," (id. ¶ 35), plaintiff filed a complaint in the Court of Common

---

[1] The facts are taken from the Complaint.

Pleas of Philadelphia County on November 3, 2010.  Roche then removed plaintiff's case to this

Court on November 29, 2010, alleging that WKH was fraudulently joined.

In 2004, the Judicial Panel on Multidistrict Litigation ("JPML") created a multi-district

litigation ("MDL") in the Middle District of Florida for product liability actions involving

Accutane.  See In re Accutane Prods. Liab. Litig., 343 F. Supp. 2d 1382 (J.P.M.L. 2004).  After

Roche removed plaintiff's action to this Court, the JPML issued a Conditional Transfer Order

(CTO) on December 6, 2010, ordering transfer of the case to the Middle District of Florida.

(MDL No. 1626, Document No. 135.)  Plaintiff filed an opposition to the CTO on December 13,

2010, thus staying transfer pending resolution of plaintiff's objection to the CTO.  (Id.,

Document No. 137.)  Roche filed a response to plaintiff's opposition to the CTO on February 3,

2011.  (Id., Document No. 159.)  As of the date of this Memorandum, the JPML has not yet ruled

on plaintiff's opposition to the CTO.

## III.   JURISDICTION

The Court's jurisdiction under 28 U.S.C. § 1332 is not at issue in this case.  The parties

are completely diverse.  Plaintiff is a citizen of Wisconsin; Hoffman-La Roche, Inc. is a New

Jersey corporation with its principal place of business in New Jersey; Roche Laboratories, Inc. is

a Delaware corporation with its principal place of business in New Jersey; and WKH is a

Delaware corporation with its principal place of business in Pennsylvania.  (Compl. ¶ 2.)

## IV.   FRAUDULENT JOINDER

Unless WKH was fraudulently joined, the claims against it must be remanded to state

court, as WKH is a citizen of Pennsylvania, (Compl. ¶ 2), and removal to federal court is

permissible "only if none of the parties in interest properly joined and served as defendants is a

citizen of the State in which [the] action is brought."  28 U.S.C. § 1441(b).  Plaintiff asserts that

Roche has not met their burden of proving fraudulent joinder.  The Court concludes that WKH

was not fraudulently joined.

**A.   Legal Standard**

In the absence of a federal question, removal to federal court usually requires complete

diversity of citizenship of the parties and also that "none of the parties in interest properly joined

and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. §

1441(b).  The doctrine of fraudulent joinder represents an exception to these requirements.  See

In re Briscoe, 448 F.3d 201, 215-16 (3d Cir. 2006).  Under the doctrine of fraudulent joinder, a

defendant may still remove the action if it can establish that any in-state resident or non-diverse

defendant was "fraudulently" named or joined solely to prevent removal or to defeat federal

court jurisdiction.  Id.; see Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921) ("[T]h[e]

right of removal cannot be defeated by a fraudulent joinder of a resident defendant.").  If a court

determines that the joinder was "fraudulent" in this sense, then it can dismiss the forum or non-

diverse defendant and retain jurisdiction over the action.  In re Briscoe, 448 F.3d at 216.  By

contrast, if the Court determines that the joinder was not fraudulent, it must remand to state

court.  28 U.S.C. § 1447(c).  In making this inquiry a court is not limited to the pleadings but can

look beyond them to identify any indicia of fraudulent joinder.  In re Briscoe, 448 F.3d at 219.

The removing party bears the burden of demonstrating fraudulent joinder.  "The

removing party carries a heavy burden of persuasion . . . for removal statutes are to be strictly

construed against removal and all doubts should be resolved in favor of remand."  Batoff v. State

Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992) (internal citations omitted).  The Third Circuit

has defined the standard for fraudulent joinder as follows:

> Joinder is fraudulent where there is no reasonable basis in fact or colorable
> ground supporting the claim against the joined defendant, or no real intention in
> good faith to prosecute the action against the defendants or seek a joint judgment.
> But, if there is even a possibility that a state court would find that the complaint
> states a cause of action against any one of the resident defendants, the federal
> court must find that joinder was proper and remand the case to state court.

In re Briscoe, 448 F.3d at 217 (quoting Batoff, 977 F.2d at 851-52) (emphasis added).  The

joinder of a party should be deemed fraudulent only if the claims are "wholly insubstantial and

frivolous."  Id.  The Third Circuit has emphasized that proper joinder for jurisdictional purposes

is a lower bar than would be required for a claim to survive a motion to dismiss, Batoff, 977 F.2d

at 852, or a motion for summary judgment, Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111

(3d Cir. 1990).

## B.   Analysis

Roche maintains that WKH was fraudulently joined to frustrate removal, and that

plaintiff has no cognizable claim against WKH.  According to Roche, WKH is shielded from

liability by Pennsyvlania's learned intermediary doctrine, which holds that non-physicians such

as pharmacists and drug manufacturers do not have an independent duty to warn about the

dangers and side-effects of prescription drugs.  See Coyle v. Richardson-Merrell, Inc., 526 Pa.

208, 213-15 (1991); Makripodis v. Merrell-Dow Pharm., Inc., 523 A.2d 374, 378-79 (Pa. Super.

Ct. 1987).  Plaintiff, however, does not argue that WKH had an independent duty to warn.

Rather, plaintiff's principal argument is that WKH voluntarily assumed a duty to exercise due

care in issuing drug warnings by providing written drug information and warnings directed to

patient end-users.[2]  Roche counters that plaintiff has failed to cite any Pennsylvania case law imposing such a duty on pharmacies or monograph publishers such as WKH.

Roche has not satisfied its burden of proving fraudulent joinder.  A finding of fraudulent joinder is usually reserved for situations where recovery from the forum or non-diverse defendant is a clear legal impossibility.  West v. Marriott Hotel Servs., Inc., No. 10-4130, 2010 WL 4343540, at *3 (E.D. Pa. Nov. 2, 2010).  Fraudulent joinder should not be found simply because plaintiff has a weak case against a forum or non-diverse defendant.  See Boyer, 913 F.2d at 111.  Roche has not pointed to any Pennsylvania case law declining to impose a duty of due care on monograph publishers or pharmacists when they voluntarily provide drug warnings to patients.  At least one state court has held that although pharmacies have no general duty to warn, where a pharmacy provides a "detailed list of warnings, or . . . promises to provide customers with information, it may thereby undertake a duty to provide complete warnings and information."  Cottam v. CVS Pharmacy, 764 N.E.2d 814, 823 (Mass. 2002).  Under this authority, a Pennsylvania state court could find WKH assumed a duty to plaintiff based on its voluntary provision of monographs containing information and warnings about Accutane.  Given Roche's failure to demonstrate that plaintiff's theory of liability is "wholly insubstantial and frivolous," the Court concludes that joinder of WKH as a defendant was not fraudulent.

_____

[2] Plaintiff further argues that WKH voluntarily assumed a duty of due care by: (1) advertising that it provides "accurate," "up-to-date," and "unbiased" drug information; and (2) advertising that it complies with the Keystone Guidelines—a set of industry guidelines on the issuance of drug warnings.  Moreover, plaintiff asserts that WKH owed a duty to him based on plaintiff's status as a third-party beneficiary of the contract between WKH and plaintiff's pharmacy.  In response, Roche contends that: (1) the Keystone Guidelines do not establish legally enforceable responsibilities, and WKH never asserted it was compliant with those guidelines; and (2) Pennsylvania courts have imposed tort liability for harm suffered by third-party beneficiaries of contracts only in "very unique situations."

## V.  WHETHER TO SEVER AND REMAND ONLY THE CLAIMS AGAINST WKH

Based on the ruling of the Court that WKH was not fraudulently joined, removal was improper under 28 U.S.C. § 1441(b) because WKH is a Pennsylvania citizen.  This ruling leaves open the question whether to remand the entire case or to sever the claims against the local defendant, WKH, and remand only those claims.

Roche and WKH urge the Court to sever and remand only the claims against WKH. Plaintiff opposes defendants' request for severance on the ground that if WKH was not fraudulently joined, the Court is without jurisdiction to sever.  Plaintiff further contends that even assuming the Court has jurisdiction and discretion to rule on defendants' severance request, it should decline to exercise that discretion.

For the reasons that follow, the Court concludes it has jurisdiction and discretion to sever WKH, but declines to exercise that discretion.  Instead, the Court remands the entire case to the Court of Common Pleas of Philadelphia County.

### A.   Legal Standard

Federal Rule of Civil Procedure 21 empowers the Court to sever a party or claims against a party.  The Rule provides:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Fed. R. Civ. P. 21.  Although the Rule states that it applies to cases of misjoinder, "application of Rule 21 has not been [so] limited. . . .  For example, Rule 21 has been invoked to preserve the court's diversity jurisdiction by dropping nondiverse parties when their presence in the action was not required."  7 Charles Alan Wright, Arthur R. Miller & Marry Kay Kane, <u>Federal Practice and Procedure</u> § 1682 (3d ed. 2001); <u>see</u> <u>Newman-Green, Inc. v. Alfonzo-Larrain</u>, 490

U.S. 826, 832 (1989) ("Rule 21 invests district courts with authority to allow a dispensable

nondiverse party to be dropped at any time."); accord Zambelli Fireworks Mfg. Co., Inc., 592

F.3d 412, 421-22 (3d Cir. 2010). "A district court has broad discretion in deciding whether to

sever a party pursuant to Federal Rule of Civil Procedure 21." Boyer v. Johnson Matthey, Inc.,

No. 02-8382, 2004 WL 835082, at *1 (E.D. Pa. Apr. 16, 2004).

**B.   Analysis**

1.   The Court Has Jurisdiction to Sever WKH

Plaintiff argues that the Court lacks jurisdiction to consider defendants' severance

request. This argument fails. Although the determination that WKH was not fraudulently joined

renders Roche's removal of the action improper, see 28 U.S.C. § 1441(b) (prohibiting removal

where any defendant is a resident of the state in which the action is filed), an improper removal

does not strip a court of subject-matter jurisdiction, and does not affect a court's power to sever a

party under Rule 21.

First, the Supreme Court and Third Circuit have both held that where subject-matter

jurisdiction is lacking due to the absence of a federal question and the presence of non-diverse

parties, a federal court may, under Rule 21, sever the non-diverse, dispensable parties to retain

diversity jurisdiction over the case. See Newman-Green, 490 U.S. at 832-38 (holding that

appellate court could dismiss dispensable non-diverse party to retain jurisdiction); Meritcare Inc.

v. St. Paul Mercury Ins. Co., 166 F.3d 214, 222-23 (3d Cir. 1999) (severing and remanding to

state court, claims against defendant over whom court concluded it did not have jurisdiction

under 28 U.S.C. § 1332), overruled on other grounds by Exxon Mobil Corp. v. Allapattah Servs.,

Inc., 545 U.S. 546 (2005).

8

Second, contrary to plaintiff's assertion that the Court lacks jurisdiction because Roche removed this action in violation of the terms of 28 U.S.C. § 1441(b), "removal by a forum defendant in noncompliance with section 1441(b) does not deprive a federal court of subject matter jurisdiction." Korea Exchange Bank, N.Y. Branch v. Trackwise Sales Corp., 66 F.3d 46, 50-51 (3d Cir. 1995). "[T]he removal statute [does not] impos[e] independent jurisdictional restrictions on the federal courts. Rather, in considering whether jurisdictional defects existed, the relevant inquiry is whether the case could have been filed originally in federal court." Id. at 50.

Had plaintiff originally filed this action in federal court, the Court would have had jurisdiction on the basis of diversity. See 28 U.S.C. § 1332. The fact that Roche removed the case to federal court in contravention of the terms of 28 U.S.C. § 1441(b) does not affect the Court's subject-matter jurisdiction. Severance in this case, where the Court has diversity jurisdiction, is far less extraordinary than in those cases in which the Supreme Court and Third Circuit have ruled that courts can create subject-matter jurisdiction by severing non-diverse parties. See Newman-Green, 490 U.S. at 832 (1989); Zambelli Fireworks, 592 F.3d at 421-22; Meritcare, 166 F.3d at 222-23. Thus, the Court concludes that it has jurisdiction to sever WKH pursuant to Rule 21.

2.   The Court Declines to Exercise its Discretion to Sever WKH

Roche urges the Court to sever WKH and remand plaintiff's claims against WKH to state court, noting the efficiencies to be gained from potential transfer of the claims against Roche to the MDL in the Middle District of Florida. WKH joins in Roche's request for severance, arguing that severance is warranted because the claims against WKH and Roche are so different that

discovery for the claims against each likewise will be very different.  Plaintiff, on the other hand,

argues that the Court does not have discretion to sever WKH because it is an indispensable party.

Plaintiff further contends that even assuming the Court has discretion to sever WKH and remand

plaintiff's claims against WKH to state court, it should decline to exercise that discretion

because, inter alia, severance would force plaintiff to litigate in two fora, and the claims against

WKH and Roche are grounded in the same facts and therefore will require the same evidence.

      The Court declines to exercise its discretion to sever WKH and remand only plaintiff's

claims against WKH to state court.[3]  Although severance and remand of the claims against WKH

would benefit Roche because plaintiff's claims against Roche would remain in federal court and

would be transferred to the MDL, and although the discovery relevant to the claims against

WKH and Roche is not completely identical, the Court concludes that the potential prejudice to

---

[3] Given the decision not to sever, the Court need not address at great length plaintiff's argument that WKH is an indispensable party.  The Court concludes, however, that WKH is not an indispensable party under Federal Rule of Civil Procedure 19.

"A holding that [a party is "necessary"] under Rule 19(a) is a necessary predicate to the district court's discretionary determination under Rule 19(b)" that a party is "indispensable." Culinary Serv. of Delaware Valley, Inc. v. Borough of Yardley, 385 F. App'x 135, 145 (3d Cir. 2010).  Under Rule 19(a)(1), a party is "necessary" if, in its absence, "the court could not accord complete relief among the existing parties." Disabled In Action of Pa. v. Se. Pa. Transp. Auth., -- F.3d -- , 2011 WL 522947, at *8 (3d Cir. 2011).

Plaintiff's argument that WKH is an indispensable party appears to be based on the potential inability of the Court to accord "complete relief," under Rule 19(a)(1), to plaintiff if WKH is not a party to the federal court action against Roche.  Presumably, a jury in federal court may find that WKH's inadequate warnings, rather than any act or omission of Roche, caused plaintiff's injuries, while a jury in state court may find that Roche's failure to supply complete information to WKH, rather than any act or omission of WKH, caused plaintiff's injuries.  This is not the concern Rule 19(a)(1) is intended to address.  "[T]he Third Circuit has interpreted Rule 19(a)(1) narrowly[:] . . . 'complete relief' means complete relief for those parties who are already present," not relief as between a party and the absent party. Barrett v. Ambient Pressure Diving, Ltd., 235 F.R.D. 263, 271 n.35 (E.D. Pa. 2006) (citing Field v. Volkswagenwerk AG, 626 F.2d 293, 301 (3d Cir.1980)).  Thus, the possibility that plaintiff may not be able to recover from WKH in a state court action is irrelevant to whether WKH is a Rule 19 necessary or indispensable party in a federal court action against Roche.

defendants if WKH is not severed is outweighed by the prejudice plaintiff will suffer if there is a severance.  First, the Court is mindful of the deference to be afforded plaintiff's choice of forum. See Delta Air Lines, Inc. v. Chimet, S.p.A., 619 F.3d 288, 294 (3d Cir. 2010) ("[A] plaintiff's choice of forum should rarely be disturbed.") (quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 (1981)).  Second, severance will prejudice plaintiff, who will be required to litigate in two different fora.  Third, and most importantly, given the Court's determination that WKH, the Pennsylvania defendant, was not fraudulently joined, Roche's removal of the case was improper. Thus, severing and remanding only the claims against WKH would undermine 28 U.S.C. § 1441(b)'s prohibition on removal of cases involving forum defendants.

## VI.  CONCLUSION

For the foregoing reasons, plaintiff's motion to remand is granted, and the case is remanded to the Court of Common Pleas of Philadelphia County.

An appropriate order follows.